IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 AUG 16  AM 10: 16
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

THERESA MORRIS, WIFE OF BOB MORRIS,
Plaintiff,

-vs-

Case No. A-11-MC-624-SS

JOHN COKER, ALLIS-CHALMERS CORPORATION AND/OR STRATE DIRECTIONAL DRILLING, INC.,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Non-Party Brigham Oil & Gas, L.P.'s Motion to Quash Subpoena to Produce Documents or Things Regarding Jonathan Coker [#1]. Having reviewed the motion, applicable law, and case file, the Court enters the following opinion and order.

Brigham objects to Defendant Coker's subpoena because: (1) it requires Brigham to appear and produce documents more than 100 miles from where it regularly transacts business; (2) it calls for the disclosure of protected material, including trade secret and confidential material; and (3) the request is overbroad and unduly burdensome. Brigham's objections are all valid and this subpoena violates Fed. R. C. P. 45 in several respects.

As a technical matter, the Court notes that, without access to time travel technology, Brigham could not have timely filed the motion to quash according to the facial terms of the subpoena. The subpoena was received by Brigham on July 5, 2011, and required compliance by July 25, *2010*.

Assuming the compliance date was a typo, the motion to quash was timely filed before July 25, 2011. Fed. R. Civ. P. 45(c)(3)(A).

The subpoena calls on Brigham to appear and produce documents in Lafayette, Louisiana. Brigham's principal place of business and the place where it was served with the subpoena, is Austin, Texas, some 375 miles from Lafayette. This is clearly more than 100 miles away and thus violates the Federal Rules. Fed. R. Civ. P. 45(c)(3)(A)(ii) and (B)(iii). In addition, the subpoena is overbroad and unduly burdensome and thus violates the Federal Rules. Fed. R. Civ. P. 45(c)(3)(iv). It demands production of the "entire resources file," without defining what an "entire resources file" is. In one of the more overbroad requests, the subpoena demands the production of "[a]ny statement, whether oral or written, obtained from Jonathan Coker." *See* Subpoena ¶ 13. Coker has worked for Brigham for several years and communicated with its suppliers and vendors on a daily basis. To require production of any statement he made is clearly overbroad and unduly burdensome. Further, the subpoena calls on Brigham to produce documents which do not currently exist, such as a "description of Jonathan Coker's job duties and responsibilities on job sites owned and/or operated by [Brigham]." *Id.* at ¶ 2.

In conclusion, the subpoena is both invalid and its requests far too general. Thus,

IT IS ORDERED that Non-Party Brigham Oil & Gas, L.P.'s Motion to Quash Subpoena to Produce Documents or Things Regarding Jonathan Coker [#1] is GRANTED.

SIGNED this the  15  day of August 2011.

> /s/ Sam Sparks
> SAM SPARKS
> UNITED STATES DISTRICT JUDGE